FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Sep 19, 2018

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>FIDEL GONZALEZ-MOLINA, JR.,<br><br>Defendant. | No. 1:18-CR-02021-SMJ<br><br>**ORDER REAFFIRMING SPECIAL CONDITION OF SUPERVISION 2** |

Before the Court, without oral argument, is Defendant Fidel Gonzalez-Molina, Jr.'s Motion to Reconsider, Alternative Motion to Strike or Modify Special Condition 2 of Supervised Release, ECF No. 42. Defendant challenges Special Condition of Supervision 2, which provides,

> You must reside in a residential reentry center (RRC) for a period up to 180 days at the direction of the supervising officer. Your participation in the programs offered by the RRC is limited to employment, education, treatment, and religious services at the direction of the supervising officer. You must abide by the rules and requirements of the facility.

ECF No. 40 at 5. Defendant asks the Court to (1) reconsider this condition and hold a hearing on its appropriateness or (2) either strike this condition entirely or modify it by substituting the originally-objected-to monitoring condition recommended in the Presentence Investigation Report. Having reviewed the pleadings and the file in

ORDER REAFFIRMING SPECIAL CONDITION OF SUPERVISION 2 **-** 1

this matter, the Court is fully informed and denies the motion.

First, Defendant argues the Court violated his due process rights by imposing special condition 2 without giving him advance notice. He cites no legal authority for this assertion. "Where a condition of supervised release is not on the list of mandatory or discretionary conditions in the sentencing guidelines, notice is required before it is imposed . . . ." *United States v. Wise*, 391 F.3d 1027, 1033 (9th Cir. 2004); *accord United States v. Quinzon*, 643 F.3d 1266, 1269 (9th Cir. 2011). But a defendant does not have the right to advance notice if the guidelines expressly contemplate the condition imposed. *Wise*, 391 F.3d at 1032 (discussing *United States v. Lopez*, 258 F.3d 1053 (9th Cir. 2001)). That is because all defendants have notice of the conditions listed in the guidelines. *Id.*

Here, the sentencing guidelines expressly contemplate special condition 2 where they provide, "[r]esidence in a . . . halfway house . . . may be imposed as a condition of supervised release." *U.S. Sentencing Guidelines Manual* § 5D1.3(e)(1) (U.S. Sentencing Comm'n 2016). The guidelines suggest this "'special condition[]' may be appropriate on a case-by-case basis." *Id.* § 5D1.3(e). Elsewhere, the guidelines describe this condition as "[c]ommunity confinement" involving "participation in gainful employment, employment search efforts, community service, vocational training, treatment, educational programs, or similar facility-approved programs." *Id.* § 5F1.1 cmt. n.1. The guidelines generally authorize no

more than six months of community confinement. *Id.* § 5F1.1 cmt. n.2. The guidelines also authorize other rules or requirements "appropriate to effectuate community confinement." *Id.* Special condition 2 fits all these parameters. Thus, Defendant had notice of special condition 2 by virtue of its listing in the guidelines.

Second, Defendant argues special condition 2 deprives him of more liberty than reasonably necessary to achieve permissible sentencing goals. The Court disagrees. A special condition of supervised release must "involve[] no greater deprivation of liberty than is reasonably necessary for the purposes set forth in [18 U.S.C. § 3553(a)(2)(B)–(D)]." 18 U.S.C. § 3583(d)(2). Those purposes are "afford[ing] adequate deterrence to criminal conduct;" "protect[ing] the public from further crimes of the defendant;" and "provid[ing] the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner." *Id.* § 3553(a)(2)(B)–(D).

"'[T]he guiding principle' for determining the validity of a condition of supervised release is whether the condition imposed 'can reasonably be said to contribute significantly both to the rehabilitation of the convicted person and to the protection of the public.'" *United States v. Bahe*, 201 F.3d 1124, 1127–28 (9th Cir. 2000) (quoting *United States v. Consuelo-Gonzalez*, 521 F.2d 259, 264 (9th Cir. 1975)). Clearly, "[s]eparating a convicted felon from negative influences in his prior life is reasonably related to the permissible goals of deterrence and rehabilitation

and is a common purpose of supervised release." *United States v. Watson*, 582 F.3d 974, 983 (9th Cir. 2009). The Ninth Circuit has concluded that a special condition of supervised release requiring a defendant to reside in a halfway house for up to a year involved no greater deprivation of liberty than was reasonably necessary for rehabilitation, deterrence, and public protection. *Bahe*, 201 F.3d at 1126–27, 1135.

Here, the Court finds special condition 2 deprives Defendant of no greater liberty than reasonably necessary to rehabilitate him, deter him from committing further crimes, and protect the public from his future crimes, if any. The sentencing record showed the following relevant facts. Defendant was driving around with three coworkers, at least one of whom he knew was a gang member while the other two were listed as such in a law enforcement agency database. The known gang member, who is also Defendant's neighbor, decided he wanted to go shoot a gun. Defendant bought ammunition, immediately gave it to the gang member, and drove him a few miles out of town, where the gang member shot at some garbage cans and road signs. Defendant was on state supervision for robbery when he committed this crime. Defendant had just been released from prison thirteen months earlier after serving a forty-two-month sentence. Defendant is twenty-four years old with a significant criminal history due almost entirely to his gang membership in his youth. After prison, Defendant began to show signs of change by maintaining sobriety (apart from two relapses on methamphetamine), working a steady job, and

getting more involved with his family including his children. While Defendant has severed ties with many of his past associates, he has been unable to completely avoid them. Moreover, Defendant has never undergone substance abuse treatment.

The sentencing guidelines prescribed an advisory range of fifteen to twenty-one months' imprisonment. At the sentencing hearing, the Court expressed that it had considered imposing a term of imprisonment above the applicable range. Instead, the Court imposed a term of imprisonment at the low end of the applicable range to give Defendant a chance to follow through with what he said in allocution. The Court then sustained Defendant's objection to the monitoring condition recommended in the Presentence Investigation Report. The Court declared it would "rather impose the condition of the halfway house." Imposing such a condition was consistent with Defendant's earlier advocacy for a sentence that would preserve his eligibility for residence in a halfway house. Defendant cannot reasonably claim the Court erred by giving him what he asked for.

Considering all, the Court reaffirms special condition 2 as a reasonable, and not overly burdensome means of rehabilitation, deterrence, and public protection.

Accordingly, **IT IS HEREBY ORDERED**:

> Defendant's Motion to Reconsider, Alternative Motion to Strike or Modify Special Condition 2 of Supervised Release, **ECF No. 42**, is **DENIED**.

**IT IS SO ORDERED.** The Clerk's Office is directed to enter this Order and provide copies to all counsel.

**DATED** this 19th day of September 2018.

_____
SALVADOR MENDOZA, JR.
United States District Judge